Case: 1:15-cv-00569
Assigned To : Moss, Randolph D.
Assign. Date : 4/16/2015
Description: Pro Se Gen. Civil (F)

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Alexander Otis Matthews
appellant

v.

Case No. _____
FOIA Appeal No. AP-2014-02718
FOIA Request No. 1210788

Federal Bureau of Investigation
appellee

**FILED**
APR 16 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Complaint Pursuant To 5 U.S.C. 552(a)(4)(B)

Alexander Otis Matthews, pro se appellant, currently a federal inmate housed in New Hampshire at the Berlin Federal Prison Camp, hereby appeals the FBI's denial of his record request under the Freedom of Information Act (FOIA) and the Privacy Act (PA) on 2/11/2015, which says:

1. The Explanation of Exemptions stated that 651 pages were reviewed but only 265 pages are being released. Of the 265 pages released all documents were in relation to my initial federal conviction in the US District Court for the District of Columbia, Case No, 01-377-TFH, regarding my conviction for false statements. None of the documents released were in relation to the case for which I am currently imprisoned, which are US District Court for the Eastern District of Virginia/Alexandria Case Nos. 1:11-cr-348, 1:11-cr-087, 1:12-cv-132, and US District Court For The Southern District Of Maryland/Greenbelt Case No 10-706-RWT. The bulk of the documents were apparently exempted under FOIA 552 exemptions 7(A), 7(C), 7(D), and 7(E). In order for any of these four exemptions to apply, the appellant must first establish that the documents exempted meet the threshold requirement of being compiled for law enforcement purposes, which can include both civil and criminal investigations and proceedings in its scope. Mittleman v. Office of Personnel Management, 316 U.S. App. D.C. 187, 76 F.3d 1240,1243 (D.C. Cir 1996). A pending appeal of a criminal conviction qualifies as a pending law enforcement proceeding for purposes of Exemption 7(A). Kansi v. United States Dep't of Justice, 11 F. Supp. 2d 42,44 (D.C. Circuit 1998). In determining the applicability of Exemption 7, courts have held that "foremost among the purposes of Exemption 7 is to protect investigatory files in order to prevent harm to the government's case in court." Putnam v. U.S. Department of Justice, 873 F. Supp. 705, 713 (D.C. Circuit 1995). To successfully invoke Exemption 7(A), an agency must establish that the documents are investigatory records compiled for law enforcement purposes and that disclosure of such documents would interfere with enforcement proceedings. Bevis v. Department of State, 255 U.S. App D.C. 347,801 F.2d 1386, 1389 (D.C. Cir 1986). Once an agency establishes that an enforcement proceeding is pending, the agency must then show that release of the withheld documents is likely to cause some distinct harm. Campbell v. HHS, 21 U.S. App. D.C. 1, 682 F.2d 256,258, (D.C. Cir 1982). The government has the burden of establishing the existence of prospective law enforcement proceedings. Putnam, 873 F. Supp. at 713. When an agency invokes Exemption 7(A) and relies on the categorical approach to withhold documents, it must undertake a threefold task:

-1-

RECEIVED
Mail Room
MAR 23 2015
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

a) it must define the categories functionally

b) the agency must conduct a document-by-document review of the material in order to assign it a proper category

c) the agency must provide an adequate explanation of how the release of the information in each category would interfere with the enforcement proceeding Bevis, 801 F.2d at 1389-90.

Under the aforegoing standard, the FBI has omitted providing a basis for the withholding of the remaining 386 pages reviewed, and has failed to establish the three above cited requirements necessary to withhold documents when agencies rely on the categorical approach to withholding. If the agency withheld all documents related in any way to the case for which I am now imprisoned on the basis that I have pending appeals in the courts, I also have a pending Coram Nobis appeal of my initial conviction in the D.C. Circuit U.S. District Court yet it sent me documents from that proceeding, which is inconsistent. Secondly, the FBI 302 reports from the case for which I am now imprisoned was made available to me previously as well as other government discovery documents, all of it therefore public information. Under the public domain doctrine, records which otherwise may be exempt from disclosure under FOIA "lose their protective cloak once disclosed and preserved in a permanent public record." Cottone v. Reno, 338 U.S. App D.C. 270,193 F.3d 550,554 (D.C. Cir 1999). Because the AUSA in the case already released all the FBI's 302 reports to myself and my attorney it serves no logical purpose to now withhold documents under the cloak of law enforcement purposes that have already been released to me. Furthermore, Exemption 7(A) "does not authorize automatic or wholesale withholding of records or information simply because the material is related to an enforcement proceeding." North v. Walsh, 279 U.S. App. D.C. 373,881 F.2d 1088,1097 (D.C. Cir. 1898). An agency must show, by more than a conclusory statement statement, how the particular kinds of investigatory records requested would interfere with a pending enforcement proceeding." Campbell v. Dep't of Health and Human Servs., 221 U.S. App. D.C. 1, 682 F.2d 256,259 (D.C. Cir. 1982). An agency must define its categories functionally, determine document-by-document, the category into which each document falls, and explain how the release of each category would interfere with enforcement proceedings. Bevis, 801 F.2d at 1389-90.

2. Based on the aforegoing, I am requesting the FBI to assign all withheld documents into its proper functional category, and to explain how the release of each category would interfere with enforcement proceedings.

3. I am requesting a unredacted copy of all FBI 302 reports which have previously been released to me in the case for which I am now imprisoned, namely the US Dist Court for EDVA/Alexandria cases 1:11-cr-348, 1:11-cr-087, 1:12-cv-132, and US Dist Maryland/Greenbelt case 10-706-RWT.

4. For EDVA/Alexandria case 1:11-cr-348, I am specifically requesting a copy of all FBI 302 reports for witnesses Neil Shah, Ali Jaber, and John Eubanks, those 302 reports withheld fully from the case by FBI agents John Cotter and Christine Windness in violation of my rights under Brady v. Maryland. They were never turned over to me as required.

5. I am respectfully asking that the FBI provide adequate explanation for its withholding of Section 552 (b)(3), (b)(5),(b)(6),and Section 552a (j)(2) exemptions.

6. I am also specifically asking the FBI to produce any documents from US Dist Maryland/Greenbelt case pertaining to a SWIFT guarantee sent on behalf of my company American

Investments Real Estate Corporation for 88 million USD by Brazilian Bank Estrategia Investimentos through Centrum Bank in Zurich to Hungarian receiving bank Volksbank.

7. I am also asking the FBI to produce all 302 reports and documents related to Virginia attorney Bennett Allan Brown and witnesses Farnoush Ahramizedah and Attique Qamar.

8. If the FBI has withheld records pertaining to the case for which I am now imprisoned due to my pending appeal and civil suits, it didn't use my current criminal appeal of my first conviction in D.C. Circuit Court as a reason to not send me documents from that proceeding in this current request. I am respectfully asking that they provide a basis for that glaring contradiction, where they didn't send me a single document relating to the case for which I am now imprisoned.

9. The FBI's Explanation of Exemptions for Section 552 (7)(A),(7)(C),(7)(D), and (7)(E) as provided with my requests are all conclusory statements which don't show how the "particular kinds of investigatory records requested would interfere with a pending enforcement proceeding" as required under the applicable standard. see Campbell v. Dep't of Health and Human Servs., 221 U.S. App. D.C. 1,682 F.2d 256,259 ( D.C. Cir 1982). I am respectfully asking that the FBI provide specific information as to how the records I have requested would interfere with a pending enforcement proceeding, constitutes an invasion of privacy, could reasonably be expected to reveal the identity of a confidential source, or would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I respectfully ask that the 386 withheld documents be sent to me that were found in the document search.

10. Specifically concerning the appellee's claim of exemption under 7(A), the appellant invokes the public domain doctrine, where the DC Circuit has held in respect thereto that "[W]here information requested 'is truly public, then enforcement of an exemption cannot fulfill its purposes." Niagara Mohawk Power Corp. v. United States Dept of Energy, 335 U.S. Appp. D.C. 100,169 F.3d 16,19 (D.C. Circuit 1999). A plaintiff who seeks disclosure of such public records bears the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld." Afshar v. Department of State, 226 U.S. App. D.C. 388,702 F.2d 1125,1130 (D.C. Cir. 1983). In the case at bar the appellee already turned over all of the 302 reports sought to the appellant and made them part of the public record in US Dist Ct For The Eastern District of Virginia/Alexandria Cases 1:11-cr-00087 and 1:11-cr-00348, all except the three withheld by the appellee in violation of Brady v. Maryland for witnesses Neil Shah, Ali Jaber, and John Eubanks which the appellant has expressly also asked for in this request. Therefore, the 302 reports requested are already fully in the public domain, the appellant in need of them at this point to support his claims in his criminal and civil appeals. Also, the appellee is acting with caprice, and in bad faith, where it released 302 reports in the current requests for the appellant's prior federal case, which he also has under appeal before this court in Coram Nobis Case No. 01-377-TFH. If the appellee is using the appeal of the appellant's second federal criminal case as a pending enforcement action to refuse his FOIA requests, it acts with caprice and also contradicts itself where the appellant's first criminal case is under appeal in this court in Case 01-377-TFH, and yet it sent the 302 reports and other documents requested by the appellant in that case. To make a 7(A) exemption , the appellee must not only show that an enforcement proceeding is pending or prospective, it must also show how a release of that information could be reasonably expected to cause some articulable harm: and also if the appelle claims the disclosure would reveal the focus of an investigation, it must also demonstrate how that disclosure would reveal that focus. Amnesty International USA et al v. Central Inteligence

Agency,et al, 728 F.Supp.2d 479,U.S. Dist LEXIS 78659 (2nd Cir 2010).

11. Other courts have also held in relation to a 7(A) exemption that once a a defendant has been sentenced, his criminal proceeding is final, and therefore an agency cannot claim that his criminal proceeding is still open and ongoing. see Adam Conti v. United States Department of Homeland Security, US Dist LEXIS 42544 (2nd Cir 2014). In the case at bar the appellant was sentenced on 9/30/11, making his criminal proceeding final long ago under this standard, and precluding the appellee from making a 7(A) exemption on this basis.

12. As to the appellee's 7(c) claim of exemption, the appellant argues that he has substantial claims of government misconduct and constitutional violations against the government in US Dist Ct For the Eastern District of Virginia/Alexandria Case Nos 1:12-cv-1473 and 1:13-cv-1020,those claims in need of the information sought by the appellant in this FOIA requests. These are substantive and non-frivolous claims whose proper and thorough resolution serve the public's interests under of constitutional system of law. These claims need and deserve to be subjected to public scrutiny as they involve abuses against the appellant our legal system provides guarantees and remedies against, and such strong public interests outweigh an competing privacy interests at stake in this matter under exemption 7(C). Also, as argued throughout, the appellee has already made public disclosure of the identities of the witnesses whose 302 reports the appellant is seeking, the appellee having turned them over to the appellant during pre-trial discovery and making them part of the public domain by storing them on Pacer.gov.

Relief

As relief the appellant respectfully asks the court to order the appellee to produce unredacted copies of the appellant's FOIA requests, specifically of the 386 pages the appellee concedes it has withheld. The appellant wants all 302 reports unredacted, including the never released 302 reports for Neil Shah, Ali Jaber, and John Eubanks, and for any and all documents related to an 88 Million dollar SWIFT Guarantee sent by Brazilian Bank Estrategia Investimentos, as well as all other documents in the 386 pages withheld by the appellee. The appellant also requests the court to grant any additional relief deemed appropriate.

Very Respectfully,

Date: 3/18/2015

Alexander Otis Matthews
24394-016
Berlin Federal Prison Camp
PO BOX 9000
Berlin,NH 03570