UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER OTIS MATTHEWS,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATIONS,<br><br>*Defendant*. | Civil Action No. 15-569 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alexander Otis Matthews, a *pro se* prisoner, brings this action under the Freedom of Information Act ("FOIA") against the Federal Bureau of Investigations ("FBI"), seeking records about himself. In August 2015, the FBI moved to dismiss on the ground that Matthews had failed to pay the required FOIA processing fee. Dkt. 12. Subsequently, the FBI notified the Court that Matthews had paid that fee. Dkt. 17. The Court, accordingly, denied the motion to dismiss as moot and set a schedule for the production of non-exempt records and for Matthews to notify the Court if he intended to challenge the adequacy of the FBI's production. Minute Order Oct. 8, 2015. At the same time, the Court set a schedule for briefing on any dispositive motions. *Id.*

After Matthews indicated that he would object to the FBI's production, the FBI moved for summary judgment. Dkt. 24. Although the FBI briefed only the merits of the dispute in its opening brief, it raised a new, threshold issue in its reply brief. Dkt 28. As the FBI explained, Matthews is a *pro se* prisoner proceeding *in forma pauperis*, who has litigated at least "26 civil matters filed in the U.S. district courts and 20 appellate matters in the U.S. circuit courts." *Id.* at

2.  The FBI further reported that, "[w]ithout reviewing every case, at least four decisions show that his litigation has resulted in a ruling that he has failed to state a claim." *Id.*

If correct, that litigation record poses a problem for Matthews under the Prison Litigation Reform Act, and, in particular, under the "three strikes" rule contained in 28 U.S.C. § 1915(g). That rule bars a prisoner from proceeding *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1]  28 U.S.C. § 1915(g).  If the Court determines that a *pro se* prisoner, who has not paid the filing fee, has three or more strikes, it may dismiss the action without prejudice, pending filing of the fee.  *See Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010) ("[D]istrict courts may apply the three strikes rule *sua sponte* . . . [because one] purpose of the statute was to give district courts greater power to protect their dockets from meritless lawsuits.").

Matthews, then, filed a sur-reply addressing the four "strikes" that the FBI identified in its reply brief.  Dkt. 29.  As to two of the "strikes," Matthews argues that the apparent dismissals for failure to state a claim were mistakes that were subsequently corrected.  *Id.* at 1.  In another, he says that a magistrate judge erroneously denied his request to file based on the "three strikes" rule, but that the district judge corrected that error.  *Id.*  And, in the final case, he argues that the dismissal for failure to state a claim "is on appeal or is still under a motion for reconsideration," *id,*, and thus should not count for present purposes.  The Court notes, however, that a dismissal for one of the reasons proscribed by § 1915(g) counts as a "strike," notwithstanding a pending appeal.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015).

---

[1] Although the "three strikes" rule does not apply if the prisoner is "under imminent danger of serious physical injury," *id.*, that exception clearly does not apply in the present context.

In its final brief on the issue, the FBI concedes that, in two of the cases on which it relied, the question whether Matthews has "three strikes" is "still pending." Dkt. 30 at 4. From this concession, however, the FBI goes on to assert that "it no longer urges the Court to dismiss this case without prejudice until Plaintiff pays his fees." *Id.* That, however, does not resolve the matter. Rather, as the FBI initially observed, Matthews has filed at least twenty-six district court cases and twenty appeals. This Court has a duty to determine whether Matthews is entitled to proceed *in forma pauperis*, and cannot simply accept the FBI's sample of four cases. *Thompson v. DEA.*, 492 F.3d 428, 435 (D.C. Cir. 2007) (explaining that, although the defendant bears the burden of production in establishing a § 1915(g) "strike," "[s]uch evidence must be produced . . . , when readily available, by the court itself").

Upon the Court's own review of Matthews's litigation records, it appears that, before Matthews filed the instant action on April 16, 2015, he had filed at least four different actions that were dismissed as frivolous or for failure to state a claim, and which therefore constitute "strikes" for purposes of 28 U.S.C. § 1915(g):

(1) *Matthews v. Sobh*, No. 12-cv-294 (E.D. Va. Apr. 11, 2012), ECF No. 2;

(2) *Matthews v. Hull*, No. 13-cv-450 (E.D. Va. Feb. 12, 2014), ECF No. 35;

(3) *Matthews v. Sullivan*, No. 14-cv-500 (D. Md. May 23, 2014), ECF No. 9;

(4) *Matthews v. HSBC Bank, USA, Nat'l Ass'n*, No. 14-cv-810 (E.D. Va. July 26, 2014), ECF No. 15.

The Court, accordingly, must dismiss the action without prejudice.

## CONCLUSION

The case is hereby DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  September 30, 2016.