UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDER OTIS MATTHEWS,

    *Plaintiff*,

v.

FEDERAL BUREAU OF
INVESTIGATION,

    *Defendant.*

Civil Action No. 15-569 (RDM)

## MEMORANDUM OPINION AND ORDER

The Court previously determined that *pro se* prisoner plaintiff Alexander Otis Matthews accumulated three or more "strikes" under 28 U.S.C. § 1915(g) before he filed this action. *See Matthews v. FBI*, 211 F. Supp. 3d 148, 150 (D.D.C. 2016) ("*Matthews I*"). The Court then dismissed the action without prejudice. *Id.* Matthews now moves for reconsideration of the three-strikes determination under Federal Rule of Civil Procedure 59(e). *See* Dkt. 32. In Matthews's view, only one of the four prior actions which the Court identified constitutes a strike. *Id.* The Court disagrees and will accordingly **DENY** the motion.

That said, the Court's dismissal of the action was too hasty. Matthews's "strikes" do not bar him from prosecuting his case altogether; they merely bar him from doing so without first paying the filing fee. To afford Matthews the chance to pay the fee, the Court, on its own motion, will **VACATE** its order dismissing the case, will **REVOKE** Matthews's *in forma pauperis* status, and will **ORDER** that Matthews pay the balance of the filing fee on or before thirty days from the date of this opinion, or the Court will dismiss his case without prejudice.

# I. LEGAL STANDARD

A motion to alter or amend a judgment under Rule 59(e) "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (internal quotation mark omitted). Such motions are "generally disfavored" absent "extraordinary circumstances." *Dage v. Johnson*, 537 F. Supp. 2d 43, 48 (D.D.C. 2008). A Rule 59(e) motion "is not a vehicle to present a new legal theory that was available prior to judgment," *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012), nor is it an opportunity "to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).

# II. ANALYSIS

Plaintiffs must ordinarily pay a filing fee before instituting a civil action. 28 U.S.C. § 1914. Individuals unable to do so may seek *in forma pauperis* ("IFP") status. Prisoners granted IFP status must still pay the full filing fee over time, but they need not pay in advance in order to commence the action. 28 U.S.C. § 1915(b); *see Thompson v. DEA*, 492 F.3d 428, 431 (D.C. Cir. 2007); *Credico v. DHS*, 170 F. Supp. 3d 1, 2 (D.D.C. 2016).

The so-called "three strikes" rule in 28 U.S.C. § 1915(g), however, "limits courts' discretion to grant IFP status to prisoners with a track record of frivolous litigation." *Thompson*, 492 F.3d at 431. That rule bars prisoners from proceeding IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915(g). The statute excepts prisoners "under imminent danger of serious physical injury," *id.*, but Matthews does not invoke that provision here.

A.  **Three-Strikes Determination**

In its prior opinion, the Court held that, "before Matthews filed the instant action on April 16, 2015, he had filed at least four different actions that were dismissed as frivolous or for failure to state a claim, and which therefore constitute 'strikes' for purposes of 28 U.S.C. § 1915(g)." *Matthews I*, 211 F. Supp. 3d at 150. In particular, the Court identified the following cases:

(1) *Matthews v. Sobh*, No. 12-cv-294 (E.D. Va. Apr. 11, 2012), ECF No. 2;

(2) *Matthews v. Hull*, No. 13-cv-450, 2014 WL 12527224 (E.D. Va. Feb. 12, 2014), ECF No. 35;

(3) *Matthews v. Sullivan*, No. 14-cv-500, 2014 WL 2206853 (D. Md. May 23, 2014), ECF No. 9; and

(4) *Matthews v. HSBC Bank, USA, Nat'l Ass'n*, No. 14-cv-810, 2014 WL 12538173 (E.D. Va. July 26, 2014), ECF No. 15.

*Id.* Matthews now disputes that three of these actions constitute "strikes." *See* Dkt. 32 at 1–2. The Court considers each action in turn.

1.  *Dismissal of* Matthews v. Sobh *(Strike 1)*

As to the first putative strike, Matthews contends that the dismissal of his action for failure to state a claim in *Matthews v. Sobh*, No. 12-cv-294 (E.D. Va. Apr. 11, 2012), ECF No. 2, should not count because Matthews "has a [pending] motion . . . to remove that strike." Dkt. 32 at 2. The Court is unconvinced.

For one, Matthews's factual premise is incorrect: no such motion is pending. In April 2012, the *Sobh* court entered final judgment dismissing Matthews's action for failure to state a claim. *Sobh*, ECF No. 2 at 4–5. In March 2014—almost two years later—Matthews filed a "Motion to Remove Improper Strike." *Sobh*, ECF No. 4. But, because his motion "identifie[d] no procedural vehicle . . . which would enable the [c]ourt to grant the relief he seeks," the court denied the motion "without prejudice to [Matthews's] ability to renew his request and to include

3

a citation to the procedural vehicle upon which he relies." *Sobh*, ECF No. 5 at 1. Matthews has not renewed his motion in the prescribed manner. Instead, in February 2015, he filed a "supplement" to his motion, which again failed to specify any procedural basis. *Sobh*, ECF No. 7. The "supplement" merely presented arguments "[i]n addition" to those he raised earlier. *Id.* at 1. In light of this background, and because the *Sobh* docket has now been dormant for more than two years, it seems safe to conclude that the *Sobh* court does not consider any motion to be pending.[1] The court's denial of Matthews's "Motion to Remove Strike" thus remains in effect.

In any event, the dismissal in *Sobh* qualifies as a strike notwithstanding the supposedly pending motion. Although the parties cite no squarely on-point precedent, in *Coleman v. Tollefson*, 135 S. Ct. 1759 (2015), the Supreme Court answered an analogous question with respect to pending appeals. "A prior dismissal on a statutorily enumerated ground counts as a strike," the Supreme Court held, "*even if the dismissal is the subject of an appeal*." *Id.* at 1763 (emphasis added) (abrogating in part *Thompson*, 492 F.3d at 432–33). As explained below, the Supreme Court's reasoning in *Coleman* suggests that a dismissal on a statutorily enumerated ground counts as a strike, even if it is the subject of a pending motion for reconsideration.

First, *Coleman* reasoned that the phrase "prior occasion" in § 1915(g) refers to single event—the order dismissing the case. The Supreme Court explained:

---

[1] Matthews's putative motion in *Sobh* does not appear on the Administrative Office's March 2016 report of motions pending six months or more, despite the fact that Matthews filed his "supplement" some thirteen months before that date. *See* 28 U.S.C. § 476(a)(1); Admin. Office of the U.S. Courts, *Civil Justice Reform Act Table 7W—Report of Civil Cases Pending Over Three Years for Period Ending March 31, 2016*, at 992 (Oct. 25, 2016), *available at* http://www.uscourts.gov/sites/default/files/data_tables/cjra.7.0331.2016.pdf.

4

> Linguistically speaking, we see nothing about the phrase "prior occasions" that would transform a dismissal into a dismissal-plus-appellate-review. An "occasion" is "a particular occurrence," a "happening," or an "incident." Webster's Third New International Dictionary 1560 (3d ed. 1993). And the statute provides the content of that occurrence, happening, or incident: It is an instance in which a "prisoner has . . . brought an action or appeal in a court of the United States that was dismissed on" statutorily enumerated grounds. § 1915(g). Under the plain language of the statute, when [the plaintiff] filed the suits at issue here, he had already experienced three such "prior occasions."

135 S. Ct. at 1763 (first alteration in original). So too, then, did the dismissal order in *Sobh* constitute a "prior occasion" on which Matthews brought an action dismissed on statutorily enumerated grounds. A pending motion for reconsideration, like a pending appeal, does not change that fact.

Second, *Coleman* found support for its holding in "the way in which the law ordinarily treats trial court judgments." *Id.* at 1764. "[A] trial court's judgment (say, dismissing a case) normally takes effect despite a pending appeal," the Supreme Court observed. *Id.* "And a judgment's preclusive effect is generally immediate, notwithstanding any appeal." *Id.* The same generally holds for motions under Federal Rule of Civil Procedure 60(b) for relief from a judgment or order. *See* Fed. R. Civ. P. 60(c)(2) ("The motion [for relief from a judgment or order] does not affect the judgment's finality or suspend its operation.").[2]

Finally, *Coleman* relied on the three-strikes rule's statutory purpose, which the Supreme Court described as follows:

---

[2] Given that Matthews filed his putative motion in *Sobh* thirty-two months after the court entered judgment, whatever motion may be pending in that case cannot reasonably be construed as a motion for reconsideration under Rule 59(e). *See* Fed. R. Civ. P. 59(e) (requiring that such motions "be filed no later than 28 days after the entry of the judgment").

5

> The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good." To refuse to count a prior dismissal because of a pending appeal would produce a leaky filter. Appeals take time. During that time, a prisoner could file many lawsuits, including additional lawsuits that are frivolous, malicious, or fail to state a claim upon which relief may be granted.

135 S. Ct. at 1764 (citation omitted) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Were the law as Matthews imagines it, this filter would be far leakier. Appeals and motions for reconsideration both "take time," but appeals are at least subject to strict procedural requirements. Under Matthews's view of the law, however, a motion for relief from a judgment or order—filed at any time, for any reason, and any number of times—would be sufficient to suspend the effect of a strike. If that were right, prisoners could artificially suppress their strike counts with little or no limitation. Such an interpretation would actually *encourage* frivolous filings, undermining the statute's purpose.

For all these reasons, the Court holds that the *Saub v. Matthews* dismissal constitutes a strike.

2. *Dismissal of* Matthews v. Hull *(Strike 2)*

With respect to the second putative strike, Matthews concedes that the dismissal of his action for failure to state a claim in *Matthews v. Hull*, No. 13-cv-450, 2014 WL 12527224 (E.D. Va. Feb. 12, 2014), constitutes a strike. Dkt. 34 at 2.

3. *Dismissal of* Matthews v. Sullivan *(Strike 3)*

The third putative strike consists of the district court's *sua sponte* dismissal of *Matthews v. Sullivan*, No. 14-cv-500, 2014 WL 2206853 (D. Md. May 23, 2014). In *Sullivan*, Matthews brought claims against two federal judges in their official capacities and against his criminal defense lawyer. The court deemed the claims against the judges frivolous and dismissed them for failure to state a claim upon which relief could be granted. *Id.* at *4. As to the claim against the lawyer, the court (1) held that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred recovery; (2)

6

deemed the claim frivolous; and (3) dismissed it for failure to state a claim "without prejudice to [Matthews's] ability to refile his claim . . . if his federal conviction is overturned or called in[to] question by the appropriate court." *Id.* at *3.

Matthews argues that the *Sullivan* dismissal is not a strike because the third claim "was dismissed *without prejudice*." Dkt. 32 at 1 (emphasis added). That distinction, however, is immaterial. As the Supreme Court has put it: "A prior dismissal on a statutorily enumerated ground counts as a strike . . . . That, after all, is what the statute literally says." *Coleman*, 135 S. Ct. at 1763. The relevant statutorily enumerated ground here is "fail[ure] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The statute makes no further distinctions between dismissals with prejudice and those without. The *Sullivan* decision, moreover, did not simply permit Matthews to re-plead to correct some technical deficiency in a *pro se* complaint; rather, it held that Matthews's third claim failed as a matter of law and was frivolous. The "without prejudice" modifier merely recognized that the *Heck v. Humphrey* bar might not apply to a future claim *if* a court were subsequently to set aside Matthews's conviction. Because that qualification applies to *any* claim dismissed under *Heck*, and because the D.C. Circuit has established that dismissals under *Heck* are strikes, *see In re Jones*, 652 F.3d 36, 38 (D.C. Cir. 2011), there is no question that the dismissal of the *Heck*-barred claim in *Sullivan*, in combination with the dismissal of the claims against the judges, means that the dismissal of the case constituted a strike.

Matthews also asserts that *Sullivan* is not a strike because "no strike . . . was ever levied." Dkt. 32 at 1. To the extent that Matthews means to argue that the dismissing court must expressly state that the dismissal counts as a strike, Matthews is incorrect. Again, what matters is whether the dismissal occurred "on a statutorily enumerated ground." *Coleman*, 135 S. Ct. at

7

1763. Because the court dismissed each of Matthews's claims in *Sullivan* on such an enumerated ground, that is the end of the story.

The Court holds that *Matthews v. Sullivan* constitutes at least Matthews's third strike.

4.     *Dismissal of* Matthews v. HSBC Bank

Finally, the Court's prior opinion also identified as a strike the dismissal of Matthews's action in *Matthews v. HSBC Bank USA, National Ass'n*, No. 14-cv-810, 2014 WL 12538173 (E.D. Va. July 25, 2014) ("*HSBC I*"), *mot. for reconsideration denied*, 2014 WL 4270937 (E.D. Va. Aug. 29, 2014) ("*HSBC II*"). Matthews moves this Court to reconsider that conclusion on the grounds that the *HSBC* dismissal was not for failure to state a claim but for lack of jurisdiction. Dkt. 32 at 1. Matthews is correct that "[d]ismissals for lack of jurisdiction do not count as strikes unless the court expressly states that the action or appeal was frivolous or malicious," *Thompson*, 492 F.3d at 440, which the *HSBC* court did not.

Several features of the *HSBC* litigation support the view that the dismissal was on the merits for failure to state a claim. Most notably, the court granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF Nos. 5, 6, 16. The court also denied Matthews's motion to remand the matter to state court, and instead entered judgment for defendants. ECF Nos. 11, 16. And the court held that Matthews failed to state a claim for each alleged cause of action. *HSBC II*, 2014 WL 4270937, at *3–5.

On the other hand, the *HSBC* court also held that Matthews "ha[d] no standing to state a claim." *HSBC I*, 2014 WL 12538173, at *1; *accord HSBC II*, 2014 WL 4270937, at *1 ("[T]his Court . . . dismissed Matthews' Complaint on the procedural ground of lack of standing . . . ."). Dismissal for lack of standing does not typically constitute a strike. *Thompson*, 492 F.3d at 435. The court also stated that "any rights at this issue in this case belong to [a separate limited liability company], not to Matthews personally," *HSBC II*, 2014 WL 4270937, at *3, and cited a

8

Fourth Circuit case using that ground to dismiss an action for lack of jurisdiction, *see Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 119 (4th Cir. 2004). The record does not explicitly state the precise basis for dismissal.

Defendant declines to tackle this question, writing in its opposition that, "since there are already three cases that qualify as 'strikes' under § 1915(g), there is no need to attempt to understand Plaintiff['s] rationale for asking the Court to reject the *HSBC Bank* decision." Dkt. 33 at 3. The Court will follow suit. It need not and does not decide whether *HSBC I* constitutes a strike.

\*   \*   \*

Because the Court has identified at least three of Matthews's previously filed actions that courts dismissed as frivolous or for failure to state a claim, the Court re-affirms its holding that Matthews is ineligible for IFP status under 28 U.S.C. § 1915(g). Matthews's motion for reconsideration of that holding will, accordingly, be denied.

**B.    Proper Three-Strikes Remedy**

The question remains, however, as to the proper remedy. In the first go around, the Court determined that Matthews's three-or-more strikes under § 1915(g) warranted dismissal without prejudice. *See Matthews I*, 211 F. Supp. 3d at 150. Neither party takes issue with that aspect of the ruling. But, having further considered the issue, the Court now takes a different approach.

To be sure, "[a] prisoner's complaint should be dismissed if he does not qualify for *in forma pauperis* status . . . and [he] fails to pay the entire filing fee *within a reasonable period of time*." *Watts v. United States*, No. 06-cv-1531, 2007 WL 2827917, at \*1 (D.D.C. Sept. 26, 2007) (emphases added). But, by simply assuming Matthews unable to pay the fee, the Court's previous order deprived him of the opportunity to pay the fee and to continue with his case.

9

The better procedure, which courts in this Circuit typically follow, is to revoke a disqualified prisoner's IFP status and order that the filing fee be paid in full within thirty days. *See, e.g.*, *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1078–79 (D.C. Cir. 2015) (taking this approach); *Pinson v. Samuels*, 761 F.3d 1, 6 (D.C. Cir. 2014) (same); *Mitchell v. BOP*, 587 F.3d 415, 422 (D.C. Cir. 2009) (same); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1037 (D.C. Cir. 2000) (same); *Ruston v. U.S. Secret Serv.*, 751 F. Supp. 2d 59, 59 (D.D.C. 2010) (same); *Alston v. FBI*, 747 F. Supp. 2d 28, 32 (D.D.C. 2010) (same); *Banks v. Lappin*, No. 08-cv-0152, 2008 WL 2874193, at *2 (D.D.C. July 25, 2008) (same). The Court will follow that procedure here. If Matthews fails to pay the full amount of the filing fee on or before the designated date, the Court will then dismiss his action without prejudice.

## CONCLUSION

In light of the above, Matthews's motion for reconsideration (Dkt. 32) is hereby **DENIED**. Matthews has failed to demonstrate that the Court erred in holding him ineligible for *in forma pauperis* status under 28 U.S.C. § 1915(g).

Nonetheless, on the Court's own motion, it is

**ORDERED** that the order dismissing the action, Dkt. 31, be **VACATED** and that the corresponding opinion, *Matthews v. FBI*, 211 F. Supp. 3d 148 (D.D.C. 2016), be **MODIFIED** in light of this opinion;

**FURTHER ORDERED** that the order granting Matthews leave to proceed *in forma pauperis*, Dkt. 3, be **VACATED** and that his *in forma pauperis* status be **REVOKED**; and

**FURTHER ORDERED** that Matthews pay the balance of the filing fee on or before June 5, 2017, or the Court will dismiss his case without prejudice.

The Clerk shall mail a copy of this Memorandum Opinion and Order to Matthews at his address of record.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 5, 2017