**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEXANDER OTIS MATTHEWS,<br><br>*Plaintiff,*<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>*Defendant.* | Civil Action No. 15-0569 (RDM) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR "IN CAMERA" PRODUCTION OF DRAFT PLEA AGREEMENT**

Defendant respectfully opposes Plaintiff's October 22, 2019, Motion for "In Camera" Production of Draft Plea Agreement (ECF No. 72).[1] The Court should use its broad discretion to deny Plaintiff's request to inspect *in camera* a document that Defendant has not released in this Freedom of Information Act ("FOIA") litigation. For the reasons this Court articulated in denying Plaintiff's August 5, 2019, Motion for Production of Document (ECF No. 70), Plaintiff's request is "premature pending the finalization of the production process." August 8, 2019, Minute Order. Furthermore, Plaintiff has failed to pay the duplication fees associated with the processing of Defendant's last three productions, and has therefore failed to exhaust administrative remedies under the FOIA. For the reasons articulated in Defendant's pending Motion to Modify (ECF No. 73), the Federal Bureau of Investigation is not required to

---

[1] Defendant notes that Plaintiff failed to meet and confer with undersigned counsel for Defendant before filing this motion as required by Local Civil Rule 7(m).

continue processing records responsive to Plaintiff's request if he fails to pay assessed fees. Def's Mot. to Modify at 3-4.

## PROCEDURAL HISTORY

On March 31, 2019, this Court granted in part and denied in part Defendant's Motion for Summary Judgment. ECF No. 64. In pertinent part, the Court denied Defendant's motion with respect to its FOIA waiver defense and ordered Defendant to process and produce the non-exempt records related to Plaintiff's wire fraud and bank fraud prosecutions as soon as practicable. *Id.* at 29.

On June 4, 2019, this Court ordered Defendant to "process approximately 500 pages of potentially responsive documents per month and make monthly releases of any non-exempt records on the last day of each month, with the first release to be made on July 31, 2019." June 4, 2019, Minute Order. Pursuant to that Order, Defendant has made three interim releases of all segregable, non-exempt, responsive records to Plaintiff on July 29, 2019, August 30, 2019, and September 30, 2019. In connection with each release, Defendant processed in excess of 500 pages of potentially responsive records. *See* Def's Mot. to Modify, Ex. A.

As Defendant reported to the Court in its September 30, 2019, Status Report (ECF No. 71), Plaintiff has failed to pay the fees associated with any of Defendant's last three releases. Plaintiff has already received the statutorily mandated number of free pages during the previous phase of this litigation and has not sought a fee waiver. The fees currently total $45.00. *See* Def's Mot. to Modify, Ex. A, September 30, 2019, Production letter.

Plaintiff was advised of the fees in each of Defendant's production letters and that "[f]ailure to pay for this release within thirty (30) days from the date of this letter will close any pending FBI FOIPA requests from you." *See, e.g.*, Def's Mot. to Modify, Ex. A, July 29, 2019, Letter at 2. The

production letters provided the amounts owed and instructions on how to pay the fees. *See, e.g.*, Mot. to Modify, Ex. A, September 30, 2019, Letter at 3 ("please go to www.pay.gov to make an electronic payment in the amount of $45.00, or make a check or money order payable to the Federal Bureau of Investigation and remit it to the Work Process Unit[.]").

On August 5, 2019, Plaintiff filed a Motion for Production of Document asking the Court to compel the FBI to prioritize production of a "Draft Plea Agreement". ECF No. 70 at 1. This Court denied Plaintiff's Motion as "premature pending the finalization of the production process." August 8, 2019, Minute Order.

On October 22, 2019—after Plaintiff had failed to pay the duplication fees in connection with Defendant's first three document productions—Plaintiff filed the instant motion seeking *in camera* review of the same "Draft Plea Agreement" discussed in Plaintiff's prior motion. *See* ECF No. 72. The instant motion is word-for-word almost identical to Plaintiff's prior motion which the Court denied. *Compare* ECF No. 70 *with* ECF No. 72. Defendant now opposes Plaintiff's motion for *in camera* review.

## ARGUMENT

District courts have "broad discretion" to decide if *in camera* review in a FOIA case "is necessary to determine whether the government has met its burden." *Loving v. Dep't of Def.*, 550 F.3d 32, 41 (D.C. Cir. 2008) (citing *Armstrong v. Exec. Office of the President*, 97 F.3d 575, 577-78 (D.C. Cir. 1996)); *see NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978) ("The in camera review provision is discretionary by its terms[.]"); *Hodge v. FBI*, 703 F.3d 575, 582 (D.C. Cir. 2013) (finding that "case law has rejected the argument that district courts are required to conduct in camera review in FOIA cases"); *Parsons v. FOIA Officer*, 121 F.3d 709, 709 (6th Cir.

1997) (explaining that district court has discretion to conduct in camera inspection, but that it is neither "favored nor necessary" so long as adequate factual basis for decision exists).

Courts typically exercise their discretionary authority to order *in camera* inspection after productions are complete and in exceptional, rather than routine, cases because such review circumvents the adversarial process and may be burdensome for the court to conduct. *See, e.g.*, *Robbins Tire*, 437 U.S. at 224 (explaining that in camera review provision "is designed to be invoked when the issue before the District Court could not be otherwise resolved"); *Ctr. for Biological Diversity v. Office of the U.S. Trade Rep.*, 450 F. App'x 605, 608 (9th Cir. 2011) (reiterating that "'resort to in camera review is appropriate only after the government has submitted as detailed public affidavits and testimony as possible'" (quoting *Weiner v. FBI*, 943 F.2d 972, 979 (9th Cir. 1991))); *Larson* v. *Dep't of State*, 565 F.3d 857, 870 (D.C. Cir. 2009) (noting that "[i]f the agency's affidavits 'provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted by the record, and there is no evidence in the record of agency bad faith, then summary judgment is appropriate without in camera review of the documents'" (quoting *Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C. Cir. 1979))); *Mo. Coal. v. U.S. Army Corp. of Eng'rs*, 542 F.3d 1204, 1210 (8th Cir. 2008) (stating that "'in camera inspection should be limited as it is contrary to the traditional role of deciding issues in an adversarial context upon evidence produced in court'" (quoting *Barney v. IRS*, 618 F.2d 1268, 1272 (8th Cir. 1980))) (internal quotations and citation omitted); *Lane v. Dep't of the Interior*, 523 F.3d 1128, 1136 (9th Cir. 2008) ("In camera inspection is 'not a substitute for the government's burden of proof, and should not be resorted to lightly,' due to the *ex parte* nature of the process and the potential burden placed on the court." (quoting *Church of Scientology v. Dep't of Army*, 611 F.2d 738, 743 (9th Cir. 1979))); *Jones v. FBI*, 41 F.3d 238, 243 (6th Cir. 1994)

(noting that the Court of Appeals for the Sixth Circuit has previously "suggested that in camera review is disfavored because it circumvents the adversarial process") (citing *Vaughn v. United States*, 936 F.2d 862, 866 (6th Cir. 1991)); *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978) ("In camera inspection requires effort and resources and therefore a court should not resort to it routinely on the theory that 'it can't hurt.'").

Here, Plaintiff seeks *in camera* review of a document Defendant has not released after Plaintiff has failed to pay applicable duplication fees for three months. *See generally* Def's Mot. to Modify. Plaintiff has failed to exhaust administrative remedies due to his failure to pay applicable duplication fees, *see Ctr. to Prevent Handgun Violence v. Dep't of Treasury*, 981 F. Supp. 20, 23 (D.D.C. 1997); *Trueblood v. Dep't of Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996), and for this reason alone this Court should exercise its discretion to deny Plaintiff's request for *in camera* review.

## CONCLUSION

For the reasons stated above, and the reasons stated in Defendant's Motion to Modify, Plaintiff's Motion for *In Camera* Review should be denied. Defendant respectfully renews its request that the Court modify its June 4, 2019, Minute Order requiring Defendant to process approximately 500 pages per month to relieve Defendant of this obligation given Plaintiff's failure to pay applicable fees. *See generally* Defendant's Mot. to Modify.

    Respectfully submitted,

    JESSIE K. LIU
    D.C. Bar #472845
    United States Attorney

    DANIEL F. VAN HORN
    D.C. BAR # 924092
    Civil Chief

By: */s/ Diana V. Valdivia*
DIANA V. VALDIVIA
D.C. BAR # 1006628
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2545
Diana.Valdivia@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on November 5, 2019, I caused a copy of the foregoing to be served on Plaintiff via First Class U.S. Mail at the following address:

Alexander Otis Matthews
1023 South Quebec Street, #3
Arlington, VA 22204

                                        */s/ Diana V. Valdivia*
                                        DIANA V. VALDIVIA, D.C. Bar #1006628
                                        Assistant United States Attorney
                                        555 Fourth Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 252-2545
                                        diana.valdivia@usdoj.gov