# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER OTIS MATTHEWS, <br><br> *Plaintiff*, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> *Defendant*. | Civil Action No. 15-569 (RDM) |

## MEMORANDUM OPINION AND ORDER

In July 2011, Plaintiff Alexander Otis Matthews was convicted, after pleading guilty

pursuant to a plea agreement, of one count of bank fraud and one count of wire fraud in the

Eastern District of Virginia. Matthews was sentenced to 120 months' imprisonment and is

currently serving a five-year term of supervised release. On February 8, 2012, Matthews filed a

motion under 28 U.S.C. § 2255 in the Eastern District of Virginia seeking to "vacate, set aside,

or correct his sentence," arguing, in part, that he received ineffective assistance of counsel on the

theory that his attorney failed to inform him of a more favorable "early" plea offer. *Matthews v.

United States*, No. 12-cv-132, 2013 WL 11288883, at *2 (E.D. Va. Apr. 17, 2013). During the

§ 2255 proceedings, Assistant U.S. Attorney Ryan S. Faulconer, who originally prosecuted

Matthews, denied the existence of any plea offer other than the one that Matthews ultimately

accepted. Dkt. 86-1 at 2. Matthews's motion was subsequently denied. *Matthews*, 2013 WL

11288883, at *5.

In March 2013, Matthews submitted a Freedom of Information Act ("FOIA") request to

the Federal Bureau of Investigation ("FBI"), seeking "all documents [the] agency [held] in

regards to [him]." Dkt. 12-1 at 8; *see also* Dkt. 53-5 at 2–3 (Hardy Decl. ¶ 5). Of the 651 pages

of records that it reviewed, the FBI released 265 pages in full or in part and withheld the

remaining 386 pages pursuant to various FOIA exemptions. Dkt. 24-1 at 5. In April 2015,

Matthews, proceeding *pro se*, brought suit against the FBI seeking release of the withheld

records and challenging the FBI's invocation of certain FOIA exemptions. Dkt. 1-1. During

these proceedings, Matthews became aware of a "draft plea agreement" mentioned by the FBI in

its memorandum in support of its initial motion for summary judgment. Dkt. 26-1 at 5. On

September 10, 2020, Matthews filed a motion arguing that the FBI's reference to a "draft plea

agreement" proves that an "early" plea offer did in fact exist; that AUSA Faulconer therefore

deceived the § 2255 court by attesting that no other plea offer existed; and that this deception

was "fatal" to Matthews's ineffective assistance of counsel claim. Dkt. 86-1 at 1–2. In light of

this alleged injustice, Matthews moves the Court to utilize its "inherent equity power and

ancillary jurisdiction to . . . make whatever referral or proper intervention necessary so that

justice prevails." *Id.* at 3. For the reasons that follow, the Court will **DENY** Matthews's

motion.[1]

---

[1] In a separate filing, Matthews also asks the Court to review the draft plea agreement *in camera* to assess its significance vis-à-vis his original § 2255 motion. Dkt. 72-1 at 2. The Court has already held, however, that the draft plea agreement was lawfully withheld under FOIA Exemption 5. *See Matthews v. FBI*, No. 15-cv-569, 2019 WL 1440161, at *5 (D.D.C. Mar. 31, 2019). Matthews fails to identify any basis on which the Court could compel production of a document that was lawfully withheld, even for *in camera* review. Moreover, to the extent Matthews's motion is construed as one seeking reconsideration of the Court's earlier decision, the motion fails to explain why the Court's decision was in error or should otherwise be set aside. *Cf. Khadem v. Broad. Bd. of Governors*, No. 18-cv-1327, 2020 WL 6381905, at *6 (D.D.C. Oct. 29, 2020) (explaining that a court may revise an earlier, interlocutory order only where "justice" or "good cause" requires doing so). Accordingly, Matthews's Motion for "In Camera" Production of Draft Plea Agreement, Dkt. 72-1, is **DENIED**.

# I. BACKGROUND

In 2011, the United States charged Matthews in two indictments related to mortgage and investment fraud: a one-count indictment filed in the Eastern District of Virginia for wire fraud and a one-count indictment filed in the District of Maryland for bank fraud. Dkt. 53-2 at 1 (Def.'s SUMF ¶ 4); Dkt. 53-4 at 2 (Faulconer Decl. ¶¶ 2b–2c). Matthews consented to the transfer of the Maryland indictment to the Eastern District of Virginia, where the two cases were litigated in tandem. Dkt. 53-4 at 2 (Faulconer Decl. ¶¶ 2e–2f). On July 15, 2011, Matthews pled guilty to both indictments, Dkt. 24-1 at 57–58 (Plea Agreement ¶¶ 1a–1b), admitting to three instances of mortgage fraud and one instance of investment fraud, Dkt. 53-2 at 1 (Def. SUMF ¶ 5); Dkt. 53-4 at 2 (Faulconer Decl. ¶ 2f). Matthews's plea agreement included a waiver of his right to file FOIA requests for documents relating to his prosecution. Dkt. 24-1 at 62. In October 2011, Matthews was sentenced to a 120-month term of incarceration, five years' supervised release, and ordered to pay five million dollars in restitution. Dkt. 53-4 at 3 (Faulconer Decl. ¶ 2g).

Following his guilty plea, Matthews brought several challenges to his conviction and sentence, and is presently pursuing, by his own count, "over 30 habeas claims." Dkt. 86-1 at 2. Relevant to this motion, in 2012, Matthews filed an unsuccessful 28 U.S.C. § 2255 motion to "vacate, set aside, or correct his sentence." *Matthews*, 2013 WL 11288883, at *2. Matthews argued, in part, that he received ineffective assistance of counsel. *Id.* at *2–3. In support of that theory, Matthews asserted that his attorney had failed to communicate an alternative, or "early," plea offer that contained more favorable sentencing terms. *Id.* Matthews's sentencing court was unpersuaded, however, and found "no evidence that a plea offer was put forth, let alone a plea

offer [that] creat[ed] a reasonable probability that the results of the proceeding would have been different." *Id.* Matthews's § 2255 motion was accordingly denied. *Id.* at *5.

Matthews subsequently filed a FOIA request in March 2013, seeking "all documents" that the FBI held "in regards to [him]." Dkt. 12-1 at 8 (Ex. A). Of the 651 pages it reviewed, the FBI released to Matthews 265 pages in full or in part and withheld the remaining 386 pages pursuant to various FOIA exemptions. Dkt. 24-1 at 5. In April 2015, Matthews brought the present suit challenging the FBI's withholding. Dkt. 1-1. Matthews principally argued that the FBI's reliance on certain FOIA exemptions was improper, and he further claimed that he was subject to ongoing "government misconduct and constitutional violations." *Id.* at 2–3.

In 2016, the FBI moved for summary judgment in this matter. Dkt. 24. In the memorandum accompanying its motion, the FBI made passing reference to a "draft plea agreement by the United States Attorney's Office . . . supplied to the FBI for deliberation and input," which was withheld under Exemption 5, 5 U.S.C. § 552(b)(5). *Id.* at 19 (quoting Dkt. 24-1 at 19 (Argall Decl. ¶ 36)). In response, Matthews argued that this "draft plea agreement" was the very same "early" plea offer that he argued his attorney failed to convey to him and which AUSA Faulconer said did not exist during the § 2255 proceedings. Dkt. 26-1 at 4–5. Matthews requested that the Court order the FBI to disclose the draft plea offer. *Id.* The Court denied that request, concluding that the document was predecisional, deliberative, and therefore was lawfully withheld under the deliberative process privilege. *Matthews*, 2019 WL 1440161, at *5.[2]

---

[2] The Court's analysis turned on the government's attestation that the draft plea agreement was "'clearly predecisional' because it 'shows evidence of being a draft—it has handwritten changes, strike-throughs, and notations, is not signed, and *is not marked as filed or received*.'" *Matthews*, 2019 WL 1440161, at *5 (quoting Dkt. 53-6 at 19 (Argall Decl. ¶ 35) (emphasis added)). If the Court's understanding is not correct, however, and if the draft plea agreement *was* provided to Matthews's counsel, the government shall immediately notify the Court.

Matthews now moves "to Have the Court Exercise its Ancillary Jurisdiction/Inherent Authority Regarding Prosecutorial Misconduct Revealed During the Proceeding." Dkt. 86-1 at 1. He contends that the FBI's admission of the existence of the draft plea agreement proves that AUSA Faulconer deceived the court in the Eastern District of Virginia by concealing the existence of an alternative plea offer during his § 2255 hearing. *Id.* at 2–3. Had AUSA Faulconer disclosed the existence of the draft plea agreement, Matthews argues, he would have succeeded on his § 2255 ineffective-assistance-of-counsel claim by proving that his attorney had failed to communicate to him that a more favorable plea offer was previously made. Dkt. 26-1 at 4–5 ("This early 'draft' plea agreement is central and material to plaintiff's [§] 2255 claim of attorney ineffectiveness . . . ."). Matthews also argues that AUSA Faulconer's alleged deception, standing alone, entitles Matthews "to relief from his criminal conviction." Dkt. 86-1 at 3. He therefore requests that the Court "take whatever equitable action available to it to achieve justice for the plaintiff in light [of] the prosecutor's dishonesty and misconduct during plaintiff's [§] 2255 proceeding." *Id.* Although not entirely clear, it is possible to construe Matthews's motion as (1) a successive § 2255 motion; (2) an appeal of the denial of his original § 2255 motion; or (3) a more amorphous request for equitable relief in the form of vacatur of his conviction or sentence.

On October 26, 2020, the FBI filed its response to Matthews's motion, arguing that it improperly attempted to expand the scope of the instant FOIA proceedings beyond the scope of the complaint. Dkt. 87-1 at 2. Matthews has not filed a reply.

## II. ANALYSIS

In assessing Matthews's motion, the Court remains mindful that filings by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," *Irving v. District*

*of Columbia*, No. 19-cv-3818, 2021 WL 495041, at *3 (D.D.C. 2021) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), and that *pro se* filings must also be "construed liberally," *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014) (citing *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (noting an "obligation to construe pro se filings liberally" and interpreting plaintiff's improper request for post-conviction relief as if it were brought under the appropriate statute)). As discussed, Matthews's motion can be construed as a successive § 2255 motion (presumably based on newly discovered evidence); a request to review the denial of his earlier § 2255 motion; or an undefined demand for equitable relief in the form of vacatur. Regardless of which characterization is correct, Matthews's motion must be denied.

## A.    Successive 28 U.S.C. § 2255 Motion

Assuming Matthews's motion is one brought under § 2255, it must be dismissed for lack of jurisdiction. Under § 2255(a), a "federal prisoner must file his motion to vacate, set aside, or correct his sentence in 'the court which imposed the sentence.'" *Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999) (quoting 28 U.S.C. § 2255(a)). It is well-established that, in the context of a § 2255 motion, only the sentencing court has "jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing," and, accordingly, the motion must be dismissed without reaching the merits. *See Pimentel v. Holder*, 865 F. Supp. 2d 45, 46 (D.D.C. 2012) (citing *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("[T]he only court with jurisdiction to hear [a § 2255 petition] is the court that sentenced [the petitioner].")); *see also Morris v. United States*, 745 F. Supp. 2d 1, 1 (D.D.C. 2010); *Gross v. Holder*, 714 F. Supp. 2d 133, 136 (D.D.C. 2010). Because this Court is not Matthews's sentencing court, it is without jurisdiction to hear any § 2255 motion that Matthews may raise. *See Danson v. United States*,

No. 16-cv-1141, 2017 WL 6209823, at \*2 n.3 (D.D.C. Dec. 7, 2017); *Kassar v. Samuels*, No. 15-cv-714, 2016 WL 659668, at \*5 (D.D.C. Feb. 18, 2016).

Attempting to avoid this problem, Matthews cites several authorities for the proposition that documents gleaned from a FOIA request may subsequently lead to relief based upon prosecutorial abuse and misconduct. Dkt. 86-1 at 1–2. Relying on these cases, Matthews appears to argue that the Court may exercise jurisdiction over his § 2255 claim because this Court has jurisdiction over his FOIA claim, and because it was that claim that, in Matthews's view, led to the revelation upon which he new premises his renewed § 2255 motion. *Id.*

Matthews's argument fails. First, courts in this district have consistently held that a plaintiff cannot convert a cause of action arising under FOIA into a collateral attack on his conviction. *Willis v. Dep't of Just.*, 581 F. Supp. 2d 57, 67 (D.D.C. 2008) ("[The Court] possesses jurisdiction pursuant to the causes of action Plaintiff has asserted in this case (*i.e.,* the FOIA . . .), but does not have jurisdiction to launch into a free-wheeling inquiry into Plaintiff's criminal conviction."); *see also Williams & Connolly v. SEC*, 662 F.3d 1240, 1245 (D.C. Cir. 2011) ("[F]OIA is neither a substitute for criminal discovery, . . . nor an appropriate means to vindicate discovery abuses."). And second, as explained, the relevant statutory text vests sentencing courts—and only sentencing courts—with authority to adjudicate § 2255 motions. 28 U.S.C. § 2255(a); *see also Hawk-Sawyer*, 36 F. Supp. 2d at 2. The statute contains no exception permitting a different result here.

For these reasons, then, to the extent Matthews seeks to litigate a § 2255 motion before this Court, that request must be denied. This Court has no authority to consider the motion.

**B.      Review of Matthews's Earlier 28 U.S.C. § 2255 Motion**

Matthews also asks "the Court [to] review his 28 [U.S.C. §] 2255 motion." Dkt. 86-1 at

2. That request, to the extent it differs from raising a renewed § 2255 motion, is best

characterized as an attempt to appeal the Eastern District of Virginia's order denying Matthews

original § 2255 motion in 2013. So construed, Matthews's motion must be denied. 28 U.S.C.

§ 2253 governs appeals in § 2255 cases and requires that appeals be heard "by the court of

appeals for the circuit in which the proceeding [was] held." The statute further requires that a

certificate of appealability issue prior to an appeal. 28 U.S.C. § 2253(c)(1). Matthews has

satisfied none of these requirements. This Court is not a court of appeals; it does not sit in the

circuit where Matthews's original § 2255 motion was denied; and the Fourth Circuit has rejected

Matthews's request for a certificate of appealability. *United States v. Matthews*, 541 Fed. App'x

320, 320 (4th Cir. 2013). Accordingly, insofar as Matthews seeks review of—or to appeal—the

denial of his § 2255 motion filed in the Eastern District of Virginia, the motion must be denied.

**C.      The Court's Inherent Powers**

Matthews finally asks the Court to use its "inherent power" to take "take whatever

equitable action available to it to achieve justice for the plaintiff in light [of] the prosecutor's

dishonesty and misconduct during plaintiff's [§] 2255 proceeding." Dkt. 86-1 at 1, 3.

"However, insofar as Plaintiff seeks collateral review of prior decisions of other district courts or

of Courts of Appeals, this Court has no authority to conduct such a review." *Williams v. Perez*,

110 F. Supp. 3d 1, 5 (D.D.C. 2015). Neither inherent nor equitable powers allow the Court to

circumvent that principle and to vacate the judgment of another district court. *See Armstrong v.*

*Exceptional Child Ctr., Inc.*, 575 U.S. 320, 328 (2015) (explaining that courts of equity cannot

"disregard statutory and constitutional requirements and provisions") (quoting *INS v. Pangilinan*,

486 U.S. 875, 883 (1988)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (observing that federal district courts do possess an "historic power of equity to set aside fraudulently begotten judgments," but only "[their] own judgment[s]") (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 245 (1944)); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) ("Federal courts possess certain 'inherent powers . . . to manage *their own affairs* so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–631 (1962)) (emphasis added); *cf. Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[A]n inherent power . . . cannot contradict any express rule or statute . . . ."). Accordingly, Matthews's motion, which in essence asks this Court to vacate a conviction and sentence imposed by a sister district court, must be denied.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Matthews's Motion to Have the Court Exercise its Ancillary Jurisdiction/Inherent Authority Regarding Prosecutorial Misconduct Revealed During the Proceeding, Dkt. 86-1, is **DENIED**; and it is further

**ORDERED** that Matthews's Motion for *In Camera* Production of the Draft Plea Agreement, Dkt. 72, is **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: July 7, 2021