UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER OTIS MATTHEWS,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>*Defendant*. | Civil Action No. 15-569 (RDM) |

## MEMORANDUM OPINION

Plaintiff Alexander Otis Matthews, proceeding *pro* se, brought this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, action against the Federal Bureau of Investigation ("FBI") in April 2015. Dkt. 1 (Compl.). Mathews pleaded guilty to bank fraud and wire fraud in July 2011. Dkt. 64 at 2. In March 2013, he submitted a FOIA request to the FBI, seeking all records about himself. Dkt. 53-5 at 3 (Hardy Decl. ¶ 5). The FBI processed some 671 pages of responsive documents, Dkt. 53-6 at 2–3 (Argall Decl. ¶ 4), before filing its first motion for summary judgment, Dkt. 53.

The Court initially concluded that the FBI had failed to show that the FOIA waiver that Matthews executed as part of his plea agreement was enforceable, Dkt. 64 at 24–29, and that the FBI had failed to adequately justify some of its remaining withholdings under Exemptions 6, 7(C), and 7(D), *id.* at 14–21. Thereafter, the FBI renewed its motion for summary judgment, Dkt. 89, and the Court granted in part and denied in part that motion in a December 9, 2021 memorandum opinion and order, *see* Dkt. 94. Pursuant to the Court's order, the FBI made a supplemental release of material responsive to Plaintiff's request on May 26, 2022, and the FBI

represented to the Court on November 21, 2022 that it was "preparing to renew its motion for summary judgment." Dkt. 96 at 1. The FBI explained, however, that it "ha[d] not . . . heard any further from Plaintiff regarding this FOIA action"—even after a sending a letter to the address of record—and that it was "unclear if Plaintiff wishe[d] to proceed with this litigation." *Id.* at 2.

That same day, the Court ordered Plaintiff to "provide a notice to the Court on or before December 5, 2022, indicating whether, in light of Defendant's supplemental production, . . . there are any remaining disputes in this action and, if so, whether he wants to continue to pursue this case." Min. Order (Nov. 11, 2022). The Court "cautioned," moreover, "that, if he does not file a notice with the Court by that date, the Court will assume that there are no remaining disputes in this action and will, accordingly, dismiss the case for failure to prosecute." *Id.* December 5, 2022 has long come and gone, and the Court has yet to hear from Plaintiff.

The Court, accordingly, assumes that there are no remaining disputes in this FOIA action. A court may dismiss a case for failure to prosecute "upon the Court's own motion." Local Civ. R. 83.23; *Bristol Petrol. Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) ("'[W]hen circumstances make such an action appropriate,' a district court may dismiss an action on its own motion because of a party's failure to comply with court orders designed to ensure orderly prosecution of the case." (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962))). Because Plaintiff has not responded to Defendant's outreach and has disregarded the Court's order to provide a notice to this Court on or before December 5, 2022, the Court will dismiss the action for failure to prosecute.

## CONCLUSION

For the foregoing reasons, the Court will dismiss this action without prejudice. A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: July 5, 2023